[Cite as *State v. Hoskins*, 2014-Ohio-3639.]

IN THE COURT OF APPEALS FOR GREENE COUNTY, OHIO

STATE OF OHIO                    :

    Plaintiff-Appellee           :          C.A. CASE NO.    2013 CA 78

v.                               :          T.C. NO.    13CRB2225,
                                            13CRB2226, 13CRB2362,
WILLIAM C. HOSKINS               :          13CRB2363, 13CRB2364
                                            13CRB2365, 13CRB2366
    Defendant-Appellant          :
                                            (Criminal Appeal from
                                 :           Municipal Court)

                                 :

. . . . . . . . . .

**O P I N I O N**

Rendered on the    22nd    day of     August    , 2014.

. . . . . . . . . .

RONALD C. LEWIS, Atty. Reg. No. 0061980, Prosecuting Attorney, 101 N. Detroit Street, Xenia, Ohio 45385
    Attorney for Plaintiff-Appellee

JEFFREY R. McQUISTON, Atty. Reg. No. 0027605, 130 W. Second Street, Suite 1818, Dayton, Ohio 45402
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} William C. Hoskins was found guilty on his no contest pleas in the Xenia Municipal Court to domestic violence (Case No. 13CRB2225) and two counts of violating a protection order (Case Nos. 13CRB2362 & 13CRB2365). The trial court imposed an aggregate sentence of 180 days in jail, part of which was suspended on the condition that he successfully complete three years of community control and have no similar violations within five years.

{¶ 2} Hoskins appeals from the trial court's judgments, claiming that the trial judge should have recused himself and that his trial counsel rendered ineffective assistance by not filing an affidavit of disqualification. For the following reasons, the trial court's judgments will be affirmed.

## I. Procedural History

{¶ 3} On November 5, 2013, Hoskins was charged with misdemeanor domestic violence and assault in Case No. 13CRB2225. The same day, he was separately charged with possession of a controlled substance. (Case No. 13CRB2226).

{¶ 4} On November 6, Hoskins was brought before the Court on Case No. 13CR2225, at which time Hoskins stated that he was pleading not guilty and that he wanted to speak with a lawyer. The trial court notified Hoskins that the complainant had requested a protection order against him; Hoskins agreed to the protection order. The trial court set bond at $25,000.

{¶ 5} Hoskins was concerned by the amount of the bond, and he asked the court whether the bond could be lowered. The court responded that there were "serious allegations" and it believed the bond "was appropriate." Hoskins replied, "Does it have anything to do with her [the complainant] being your godchild?" Hoskins explained that

the complainant had told him that the judge was her godfather. Hoskins indicated that he was planning to file a motion for a new judge. The court responded to Hoskins's concerns, stating:

> THE COURT: Okay. You've raised an issue of whether I set your bond because she's my godchild. Okay. I want to respond to that, okay?

> THE DEFENDANT: Okay.

> THE COURT: She is not my godchild. Since you said that, I'm assuming I know who you're talking about. When she – when [she] was little, her parents – her mom and dad were friends of my wife and I.

> THE DEFENDANT: Uh-huh.

> THE COURT: In their will, in her parents' will, they put that if something would happen to the parents and their daughters – and their daughters were minors, that they wanted us to be appointed their legal guardians.

> THE DEFENDANT: That's what a godparent is, sir.

> THE COURT: That never happened, but at least I know now who you're talking about. But the answer to your question is no, the bond is not being set because of who the victim is. The bond is being set because of serious allegations against you.

{¶ 6} A pretrial conference was held on November 18, 2013. At that time, the court explained in further detail that he had gone to high school with the complainant's father and lived across the street from the complainant's parents while he (the judge) was in

law school. The judge stated that, at that time, he had arranged for an attorney to write a will for the complainant's parents to thank the complainant's father for spending hours helping to repair the judge's car. In the will, the judge and his wife agreed to be legal guardians of the parents' four minor daughters, if necessary. The court explained that he and his wife moved a year or two later and, since then, he would "run into" the complainant's family "every now and then." He last recalled seeing the complainant on her eighteenth birthday, when he ran into her family at a dinner theater. The judge believed that his last contact with the complainant occurred approximately fifteen years prior to the events at issue. The judge explained that he had not had a close relationship with the complainant or her family for many years.

{¶ 7} On November 20, 2013, Hoskins was charged with five incidents of violating the protection order that the complainant obtained against him. The charges were based on five telephone calls that he made from jail. (Case Nos. 13CRB2362, 13CRB2363, 13CRB2364, 13CRB2365, and 13CRB2366).

{¶ 8} On November 21, 2013, the date of the scheduled jury trial for the domestic violence and assault charges, Hoskins entered no contest pleas to domestic violence and two counts of violating a protection order (Case Nos. 13CRB2362 & 13CRB2365). As part of the plea, the assault charge, possession charge, and the three remaining protection order charges were dismissed. In addition, the State agreed to forego filing two additional complaints alleging violations of the protection order. The trial court found Hoskins guilty of domestic violence and two violations of the protection order, and sentenced him accordingly.

{¶ 9} Although Hoskins orally expressed his concerns about the trial judge presiding over his case, he did not file a motion for recusal with the trial court during the pendency of his case, and his counsel never filed an affidavit of disqualification with the clerk of the municipal court, as required by the then-existing version of R.C. 2701.031.

{¶ 10} Hoskins appeals from the trial court's judgments, raising two assignments of error.

II. Failure to Recuse

{¶ 11} Hoskins's first assignment of error states:

THE TRIAL JUDGE ERRED BY FAILING TO RECUSE HIMSELF FOLLOWING AN ORAL REQUEST FOR RECUSAL BY DEFENDANT.

{¶ 12} R.C. 2701.031 sets forth the procedure for seeking the disqualification of a municipal court or county court judge for prejudice. At the time of Hoskins's proceedings in the municipal court, that statute required the party seeking disqualification to file an affidavit of disqualification with the clerk of the court in which the proceeding was pending, which in this case was the municipal court.[1] Former R.C. 2701.031(A). (The timing of the filing of the affidavit of disqualification and the required contents of the affidavit were specified in R.C. 2701.031(B).) Former R.C. 2701.031(C) required the clerk to enter the fact of the filing on the docket in that proceeding and provide notice of the filing of the affidavit of disqualification to the presiding judge of the common pleas court of that county

---

[1] Effective July 10, 2014, R.C. 2701.031 requires an affidavit of disqualification to be filed with the clerk of the Ohio Supreme Court, and the requirements for filing and deciding an affidavit of disqualification for common pleas court judges now apply to municipal court and county court judges. R.C. 2701.031; *see* R.C. 2701.03.

or, if there was no presiding judge, to a judge of the court of common pleas. With certain exceptions, if the affidavit of disqualification was properly filed and accepted by the clerk, the affidavit deprived the judge against whom the affidavit was filed of any authority to preside in the proceeding until the common pleas judge who was notified of the affidavit ruled on the affidavit. Former R.C. 2701.031(D).

{¶ 13} We have held that the statutory procedure set forth in R.C. 2701.031 "provides the exclusive means by which a litigant may claim that a municipal court judge is biased and prejudiced." *Walker v. J.W. Automotive*, 2d Dist. Montgomery No. 18683, 2001 WL 726803, *3 (June 29, 2001); *Ebbets Partners Ltd. v. Day*, 2d Dist. Montgomery No. 19748, 2003-Ohio-4425, ¶ 20. *Accord*, *e.g.*, *State v. Cook*, 2d Dist. Champaign No. 2013 CA 22, 2014-Ohio-3165, ¶ 13 (R.C. 2701.03 provides the exclusive means to seek disqualification of a common pleas court judge). Hoskins did not seek the trial judge's disqualification using the procedures set forth in R.C. 2701.031. Both parties cite to the Code of Judicial Conduct, but allegations of judicial misconduct are not cognizable on appeal; an appellate court lacks authority to pass on the disqualification of a trial judge. *See*, *e.g.*, *Easterling v. Hafer*, 2d Dist. Montgomery No. 24950, 2012-Ohio-2101, ¶ 9 ("A court of appeals does not have authority to rule on the disqualification of the trial judge or to void a judgment of the trial court on that basis."), citing *Beer v. Griffith*, 54 Ohio St.2d 440, 441-442, 377 N.E.2d 775 (1978). Accordingly, we cannot review the issue of the trial judge's alleged bias and prejudice.

{¶ 14} Hoskins's first assignment of error is overruled.

III.

{¶ 15} Hoskins's second assignment of error states:

DEFENDANT WAS PREJUDICED FOR THE REASON THAT HIS TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO FILE AN AFFIDAVIT OF PREJUDICE AGAINST THE TRIAL JUDGE.

{¶ 16} To reverse a conviction based on ineffective assistance of counsel, an appellant must demonstrate both that trial counsel's conduct fell below an objective standard of reasonableness and that the errors were serious enough to create a reasonable probability that, but for the errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). Trial counsel is entitled to a strong presumption that his or her conduct falls within the wide range of reasonable assistance. *Strickland*, 466 U.S. at 688. Hindsight is not permitted to distort the assessment of what was reasonable in light of counsel's perspective at the time, and a debatable decision concerning trial strategy cannot form the basis of a finding of ineffective assistance of counsel. *State v. Cook*, 65 Ohio St.3d 516, 524-525, 605 N.E.2d 70 (1992); *State v. Rucker*, 2d Dist. Montgomery No. 24340, 2012-Ohio-4860, ¶ 58.

{¶ 17} On the record before us, we cannot conclude that Hoskins's counsel acted deficiently when he failed to file an affidavit of disqualification under R.C. 2701.031. Defense counsel heard the trial judge's detailed description of his association with the complainant's family. The judge's explanation indicated that he had not seen the complainant's family on any regular basis since the complainant was a small child. He described their occasional contacts since then as "running into each other." The trial judge did not recall seeing the complainant since her 18th birthday (approximately 15 years ago)

when he happened to encounter the complainant's family at a dinner theater; at that time, the will's provision for nominating a guardian was moot. Based on the judge's explanation, defense counsel reasonably may have determined that obtaining disqualification of the trial judge under R.C. 2701.031 was unlikely. Accordingly, counsel's failure to file an affidavit of disqualification falls within the wide range of reasonable professional assistance. *See State v. Hall*, 2d Dist. Montgomery No. 25858, 2014-Ohio-416, ¶ 8.

{¶ 18} In addition, nothing in the record suggests a reasonable probability – and Hoskins does not argue – that the outcome of Hoskins's cases would have been different had the trial judge been disqualified and another judge presided over the plea hearing and sentencing. The record contains photographs of the complainant after the domestic violence incident; both eyes were blackened, and her nose was reportedly broken. On the first-degree misdemeanor domestic violence charge, Hoskins received a jail term of 180 days, 90 days of which were suspended, and he received jail time credit for 17 days. The trial court sentenced Hoskins to 180 days in jail for the violations of the protection orders, all of which were suspended. None of these sentences is facially unreasonable, particularly given the possible sentences that Hoskins faced and the number of charges that were dismissed.

{¶ 19} Hoskins's second assignment of error is overruled.

IV. Conclusion

{¶ 20} The trial court's judgments will be affirmed.

. . . . . . . . . .

DONOVAN, J. and HALL, J., concur.

Copies mailed to:

Ronald C. Lewis
Jeffrey R. McQuiston
Hon. Michael K. Murry