[Cite as *State v. Aldrich*, 2017-Ohio-8944.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0033** |
| EMMIT HAROLD ALDRICH, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2017 CR 00070.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Ariana E. Tarighati*, Law Offices of Ariana E. Tarighati, L.P.A., 34 South Chestnut Street, #100, Jefferson, OH 44047-1092 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Emmit Harold Aldrich, appeals his vehicular homicide and failure to stop after an accident convictions. He contests the validity of his no contest plea, imposition of the maximum prison term for failure to stop, and claims ineffective assistance of trial counsel. We affirm.

{¶2} On the evening of January 26, 2017, appellant, while operating a vehicle

on Mill Street in the City of Conneaut, Ashtabula County, Ohio, hit a pedestrian crossing the road. Appellant stopped, pulled the victim to the side of the road, returned to his vehicle, and left without contacting the authorities. The victim died due to injuries suffered in the accident.

{¶3} Appellant hid his vehicle in his girlfriend's garage in the following days. The city police department, nevertheless, determined that appellant was responsible. The grand jury returned a four-count indictment, charging one count of vehicular homicide, a first-degree misdemeanor; one count of failure to stop after an accident, a second-degree felony; and two counts of tampering with evidence, third-degree felonies.

{¶4} After pleading not guilty, appellant moved the trial judge for recusal due to bias and knowing the victim. In an accompanying affidavit, appellant averred that the trial judge was a municipal court judge for twenty-six years before joining the common pleas bench and that during those years appellant appeared before him in multiple criminal cases.

{¶5} In overruling the motion, the trial judge denied being acquainted with the victim. The trial judge noted that appellant appeared before him on six occasions at the municipal court, and that each case ended in appellant pleading guilty to a criminal or traffic offense, the last case being four years ago. The trial judge concluded that he could be fair and impartial.

{¶6} During a pretrial hearing, the state offered to dismiss the two "tampering" counts in return for a no contest plea to the remaining counts. Appellant accepted the terms and executed a written plea agreement. The trial court held a plea hearing during

2

which the court informed appellant of the constitutional rights he would be waiving in entering the no contest plea. Appellant was informed that he could not be compelled to testify, but was not told of his right to testify if he so chose. At the conclusion of the hearing, the trial court accepted the no contest plea and found him guilty of vehicular homicide and failure to stop after an accident.

{¶7} At sentencing, appellant expressed remorse and said that he did not see the victim until after his vehicle struck her. He further stated that he moved her from the roadway due to concern that another car would hit her, and that he left the scene of the accident because he panicked and there was nothing he could do to save her life. The state challenged appellant's assertion that the accident scene was dark, emphasizing that an intersection and a well-lit gas station were nearby. The state also emphasized his prior criminal record, noting three OVI convictions, multiple drug convictions, and twenty-seven prior arrests.

{¶8} In pronouncing sentence, the trial court found that both the seriousness of appellant's actions and the likelihood that he would commit future crimes weighed in favor of imposing a maximum prison term of eight years for failure to stop after an accident. The trial court also imposed a concurrent six-month term on the vehicular homicide count.

{¶9} Appellant appeals raising three assignments of error:

{¶10} "[1.] Trial counsel's deficient performance during the proceedings in the lower court deprived the defendant-appellant of the effective assistance of counsel in violation of his Sixth and Fourteenth Amendment Rights.

{¶11} "[2.] An appellant's plea is not knowingly, voluntarily and intelligently made

when the trial court fails to advise him of all of the trial rights he is waiving by entering a plea of guilty.

{¶12} "[3.] The trial court erred in sentencing the defendant-appellant to a maximum prison sentence in violation of his Sixth and Fourteenth Amendment Rights."

{¶13} Under his first assignment, appellant claims ineffective assistance of trial counsel on the recusal issue. He contends that counsel should have requested a hearing or instituted a separate action for disqualification before the Ohio Supreme Court.

{¶14} "The standard of review for ineffective assistance of counsel was stated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, L.Ed.2d 674 (1984).

{¶15} "In order to support a claim of ineffective assistance of counsel, the defendant must satisfy a two-prong test. First, he must show that counsel's performance was deficient. *Strickland*, *supra*. This requires a showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment. *Id*. A properly licensed attorney is presumed to be competent. *Id*. at 688. In order to rebut this presumption, the defendant must show the actions of counsel did not fall within a range of reasonable assistance. *Id*. at 689. The Court in *Strickland* stated, '[t]here are countless ways to provide effective assistance in any given case. * * *.' *Id*. at 689. Therefore, '[j]udicial scrutiny of counsel's performance must be highly deferential. * * *.' *Id*. In addition, 'because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance * * *.' *Id*.

4

**{¶16}** "Second, the defendant must show the deficient performance prejudiced the defense. In order to satisfy this prong, '[t]he defendant must show that there is a reasonable probability that, but for counsel's * * * errors, the result of the [trial] would have been different.' *Id.* at 694; *accord State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

**{¶17}** "It is well settled that strategic and tactical decisions do not constitute a deprivation of the effective assistance of counsel. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980). Errors of judgment regarding tactical matters do not substantiate a claim of ineffective assistance of counsel. *Id.*" *State v. Holnapy*, 11th Dist. Lake No. 2013-L-002, 2013-Ohio-4307, ¶36-39.

**{¶18}** Regarding whether trial counsel should have filed an affidavit of prejudice before the Ohio Supreme Court or requested a hearing, if counsel could reasonably conclude that obtaining disqualification was unlikely, his performance cannot be deemed deficient. *State v. Hall*, 2d Dist. Montgomery No. 25858, 2014-Ohio-416, ¶8; *State v. Hoskins*, 2d Dist. Greene No. 2013 CA 78, 2014-Ohio-3639, ¶17.

**{¶19}** Appellant's bias assertion is based on previously appearing before the judge multiple times and the judge knowing the victim. Appellant did not, however, aver that during the prior cases the trial judge ever demonstrated bias against him. Moreover, the trial judge denied knowing the victim.

**{¶20}** Thus, disqualification was unlikely at best. Moreover, there appears to be little to gain in seeking disqualification as any judge would ultimately gain knowledge of appellant's priors by way of a presentence investigation for purposes of sentencing. Appellant has likewise failed to show that any alleged bias affected him in any way by

5

the manner in which the case was conducted through accepting appellant's plea.

**{¶21}** Under his next assignment, appellant argues that his no contest plea is invalid because the trial court failed to advise him that, by entering the plea, he was waiving his constitutional right to testify on his own behalf.

**{¶22}** In relation to a no contest plea in a felony proceeding, Crim.R. 11(C)(2)(c) states that a trial court must not accept the plea unless it has personally addressed the defendant and satisfied the following:

**{¶23}** "(c) Informing the defendant and determining that the defendant understands that the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."

**{¶24}** Crim.R. 11(C)(2)(c) does not have a "catchall" provision under which a trial court has a general duty to inform the defendant of other rights waived. *State v. Stewart*, 11th Dist. Ashtabula No. 2010-A-0026, 2011-Ohio-2582, ¶20. The rule sets forth the exclusive list of rights the trial court must discuss with the defendant. *Id.* Accordingly, a trial court's failure to inform a defendant of his right to testify has no effect upon the validity of the plea. *Id.* at ¶21. *See, also, State v. Vialva*, 8th Dist. Cuyahoga No. 104199, 2017-Ohio-1279, ¶11. Appellant has failed to show deficient performance or prejudice.

**{¶25}** In addition, the trial court informed appellant that his no contest plea waives the rights enumerated. Appellant's second assignment is without merit.

6

{¶26} Under his last assignment, appellant challenges the imposition of the maximum sentence of eight years for failure to stop. First, he asserts that the trial court failed to state the basis for the maximum sentence and that the maximum was not justified because he only had one prior felony conviction.

{¶27} R.C. 2953.08(G)(2) sets forth the standard an appellate court must follow in reviewing a felony sentence:

{¶28} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶29} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶30} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶31} "(b) That the sentence is otherwise contrary to law."

{¶32} Under this standard, an appellate court upholds the imposed felony sentence unless: (1) required mandatory findings are clearly and convincingly not supported by the record; or (2) the sentence is clearly and convincingly contrary to law. *State v. Talley*, 11th Dist. Trumbull No. 2014-T-0098, 2015-Ohio-2816, ¶15, citing *State*

*v. Robinson*, 1st Dist. Hamilton No. C-140043, 2015-Ohio-773, ¶38.

**{¶33}** Citing R.C. 2929.14(C) and 2929.19(B)(2)(d), appellant claims that, before imposing the maximum, the court was required to find that one of the four alternative criteria has been met, and then state the basis for its finding in open court. However, the cited statutes were repealed before the incident. Specific findings are no longer required before imposing the maximum. Appellate review is limited to determining whether the maximum sentence is otherwise contrary to law.

**{¶34}** "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶13. There is no dispute that appellant's sentence is within the statutory range. *See* R.C. 4549.02(B)(3)(b) and R.C. 2929.14(A)(2).

**{¶35}** We presume a trial court considered R.C. 2929.11 and R.C. 2929.12 from a silent record. *State v. Foster*, 11th Dist. Portage No. 2011-P-0087, 2012-Ohio-3744, ¶9. In this case, the trial court stated on the record and in the sentencing entry that it considered both statutes. Moreover, the sentence itself does not rebut the presumptions as the sentence is consistent with the overriding principles and purposes of felony sentencing based on seriousness and recidivism.

**{¶36}** Appellant claims the maximum sentence for a second-degree felony is unwarranted because he only had one prior felony conviction. However, while the majority of appellant's prior convictions were for misdemeanor offenses, the

presentence investigation still confirms he had a substantial criminal record for over a twenty-year period. As the trial court noted, he had twelve convictions for alcohol or drug-related offenses, including three for drunk driving. Hence, there is considerable evidence to support the finding that appellant is highly likely to commit future crimes.

{¶37} Furthermore, the seriousness of appellant's criminal behavior cannot be disputed. He struck and killed the victim, moved her to the side of the road, left the scene, and did not inform authorities. Thus, he has failed to clearly and convincingly show his sentence is contrary to law. The third assignment also lacks merit.

{¶38} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

CYNTHIA WESCOTT RICE, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.