[Cite as *State v. Maple*, 2019-Ohio-2091.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2018-A-0091** |
| DENNIS S. MAPLE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00672.

Judgment: Affirmed and remanded.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Eric D. Hall*, P. O. Box 232, Medina, OH 44258 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, Dennis S. Maple, appeals from the judgment of the Ashtabula County Court of Common Pleas imposing consecutive sentences of 36 months each on five counts of unlawful sexual conduct with a minor following his written plea of guilty pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970).

{¶2} We find the trial court properly made the required statutory findings for consecutive sentences at the sentencing hearing but failed to include one of them in its subsequent sentencing entry.

{¶3} For the reasons that follow, we affirm but remand for the issuance of a nunc pro tunc entry.

## Substantive History and Procedural Background

{¶4} On November 30, 2016, the Ashtabula County Grand Jury indicted appellant, Dennis S. Maple ("Mr. Maple"), on five counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree (Counts 1 through 5); one count of pandering sexually oriented matter involving a minor in violation of R.C. 2907.322(A)(1), a felony of the second degree (Count 6); five counts of sexual battery in violation of R.C. 2907.03(A)(5), felonies of the third degree (Counts 7 through 11); one count of gross sexual imposition in violation R.C. 2907.05(A)(1) and (C)(1), a felony of the fourth degree, (Count 12); and five counts of unlawful sexual conduct with a minor in violation of R.C. 2907.04(A) and (B)(3), felonies of the third degree (Counts 13 through 17).

{¶5} Mr. Maple initially pleaded not guilty to the charges. On the eve of the jury trial, Mr. Maple entered a written plea of guilty pursuant to *Alford*, *supra*, to five counts of unlawful sexual conduct with a minor (Counts 13 through 17). Under this type of plea, known as an *Alford* plea, a defendant pleads guilty but maintains actual innocence of the charges. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶13. The remaining counts of the indictment were dismissed pursuant to a plea agreement.

{¶6} The trial court subsequently sentenced Mr. Maple to 36 months in prison on each of the five counts, to be served consecutively, for a total prison term of 15 years.

2

**{¶7}** Mr. Maple now appeals, asserting the following assignment of error:

**{¶8}** "The trial court erred when it sentenced Appellant to consecutive sentences when Appellant's prior criminal history did not demonstrate that consecutive sentences were necessary to protect the public from future crime and constituted and [sic] abuse of discretion."

## Standard of Review

**{¶9}** On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court to review the record, including the findings underlying the sentence, and to modify or vacate the sentence if it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶28; R.C. 2953.08(G)(2)(a).

## Law and Analysis

**{¶10}** In his sole assignment of error, Mr. Maple claims the trial court erred by sentencing him to consecutive sentences. According to Mr. Maple, he lacked any significant criminal history that would make consecutive sentences necessary to protect the public from future crime pursuant to R.C. 2929.14(C)(4)(c).

**{¶11}** R.C. 2929.14(C)(4) permits the trial court to order an offender to consecutively serve separate prison terms for multiple offenses if the trial court finds (1) "consecutive service is necessary to protect the public from future crime or to punish the offender," (2) "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) any of the following factors is present:

**{¶12}** "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

**{¶13}** "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

**{¶14}** "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

**{¶15}** The trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and to incorporate its findings into its sentencing entry. *Bonnell* at ¶37. However, "a word-for-word recitation of the language of the statute is not required." *Id.* at ¶29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

**{¶16}** The trial court made the following findings regarding consecutive sentences at Mr. Maple's sentencing hearing:

**{¶17}** "But I do agree with the assertion that the State has made that these multiple offenses which have been charged and to which the plea has been entered were part of a continuous course of conduct that extended over roughly a year, according to the dates

4

that the Court was given. And that the harm caused by these multiple offenses is so great that a single term of imprisonment for these offenses would not adequately reflect the seriousness of the Defendant's conduct. * * * But I find that consecutive sentences will be necessary to protect the public from future crime and to adequately punish this offender. That consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger that the Defendant poses to the public. So I think again in order to protect the public from future crime given the nature of these serious offenses, each of the counts will be ordered to run consecutively to one another * * *."

{¶18} The trial court's sentencing entry states, in relevant part:

{¶19} "The Court further finds that consecutive sentences are necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. The court also finds that the nature of the offender's criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶20} Mr. Maple does not appear to dispute that the trial court properly made the two findings required under (C)(4), which address protecting the public/punishing the defendant and proportionality. Rather, Mr. Maple argues that given his sparse criminal history, consecutive sentences were not necessary to protect the public from future crime under subsection (c).

{¶21} Mr. Maple misconstrues the trial court's findings and the statute. The trial court's third finding must contain only one of the alternative factors set forth in subsections (a), (b), and (c). While subsection (c) addresses an offender's criminal history, the trial

5

court did not find that Mr. Maple's criminal history supported the imposition of consecutive sentences. Instead, the trial court issued its third finding pursuant to subsection (b), which provides: "[a]t least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct."

{¶22} The record reflects the trial court made all three required statutory findings at the sentencing hearing. However, the trial court's subsequent sentencing entry does not contain its finding under subsection (b) that Mr. Maple's multiple offenses were committed as part of a course of conduct and that the harm caused by the multiple offenses was so great that a single term of imprisonment for the offenses would not adequately reflect the seriousness of Mr. Maple's conduct. Rather, the trial court essentially duplicated a portion of the first finding required under (C)(4).

{¶23} According to the Supreme Court of Ohio, "[a] trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the court through a nunc pro tunc entry to reflect what actually occurred in open court." *Bonnell* at ¶30. *See also State v. Olp*, 11th Dist. Ashtabula Nos. 2015-A-0033 & 2015-A-0034, 2016-Ohio-3508, ¶19.

{¶24} Accordingly, we determine the trial court's imposition of consecutive sentences was not contrary to law, but we remand this matter to the trial court for the

6

limited purpose of issuing a nunc pro tunc entry incorporating the findings from the sentencing hearing.

{¶25} Mr. Maple's sole assignment of error is without merit.

{¶26} Based on the foregoing, the judgment of the Ashtabula County Court of Common Pleas is affirmed, but we remand for the issuance of a nunc pro tunc entry.


CYNTHIA WESTCOTT RICE, J.,

TIMOTHY P. CANNON, J.,

concur.