[Cite as *State v. Wilson*, 2020-Ohio-3857.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-A-0003** |
| BRIAN VAUGHN WILSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas.
Case No. 2019 CR 00246.

Judgment: Affirmed.

*Cecilia M. Cooper*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Prosecutor's Office, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Phillip L. Heasley*, Ashtabula County Public Defender, Inc., 4817 State Road, Suite 202, Ashtabula, OH 44004 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Brian Vaughn Wilson, appeals from the judgment entry of sentence imposed by the Ashtabula County Court of Common Pleas on December 23, 2019. The trial court's judgment is affirmed.

{¶2} On April 24, 2019, appellant was indicted on two counts of Gross Sexual Imposition, felonies of the third degree, in violation of R.C. 2907.05(A)(4) & (C)(2). The indictment alleged appellant had sexual contact with another, not the spouse of

appellant, when the other person was less than thirteen years of age. Appellant entered a plea of "not guilty" on June 20, 2019.

{¶3} On October 21, 2019, the day his jury trial was set to begin, appellant executed a written plea of guilty and plea agreement, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970) ("*Alford* plea"), to one count of Attempted Gross Sexual Imposition, a felony of the fourth degree, in violation of R.C. 2907.05(A)(4) & (C)(2) and 2923.02(A). The state of Ohio agreed to dismiss the second count of the indictment.

{¶4} A change of plea hearing was held that day, wherein the trial court approved and accepted appellant's *Alford* plea. As factual basis for the plea, the prosecutor stated that on or about October 15, 2018, appellant lived in Jefferson Township, Ohio, with the 12-year-old victim and a couple other people. The victim reported that appellant had sexual contact with her by touching her buttocks, thigh, and pubic region on that date.

{¶5} On December 19, 2019, following a presentence investigation, appellant's sentencing hearing was held. The offense carried no presumption of prison, and a prison sentence was not mandatory. Appellant requested community control, as he has never been placed on probation before, this is his first felony offense, and he does not have a juvenile record. Appellant also had not been in contact with the victim or her family.

{¶6} The prosecution asked the trial court to impose a period of incarceration, due to the victim's young age, appellant's relationship with the victim facilitating the offense, and the victim experiencing psychological harm, including harming herself and difficulty coping in school.

{¶7} The trial court sentenced appellant to 18 months in prison, which is the maximum term permitted for the offense, with a mandatory five-year term of post-release control. Appellant was classified a Tier II sex offender.

{¶8} Appellant noticed a timely appeal from the December 23, 2019 sentencing entry and raises one assignment of error for our review:

{¶9} "The trial court erred in sentencing defendant to 18 months' incarceration."

{¶10} Felony sentences are generally reviewed under the standard set forth in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of the section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincing finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶11} "Under this standard, an appellate court upholds the imposed felony sentence unless: (1) required mandatory findings are clearly and convincingly not supported by the record; or (2) the sentence is clearly and convincingly contrary to law." *State v. Aldrich*, 11th Dist. Ashtabula No. 2017-A-0033, 2017-Ohio-8944, ¶32 (citations omitted).

3

{¶12} Appellant argues the trial court did not sufficiently adhere to the mandatory sentencing factors in R.C. 2929.11 and 2929.12. He contends there is no indication in the record that the trial court considered the R.C. 2929.12 factors at all.

{¶13} Pursuant to R.C. 2929.12(A), "a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth" in R.C. 2929.11 (unless otherwise required by 2929.13 or 2929.14). "In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." *Id.*

{¶14} While the sentencing court is required to consider the R.C. 2929.12 factors, it "is not required to give any particular weight or emphasis to a given set of circumstances[.]" *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23. Further, "[s]uch a consideration does not require the sentencing court to '"use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'"'" *State v. Long*, 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶79, quoting *State v. Webb*, 11th Dist. Lake No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Even "'[a] silent record raises the presumption that a

trial court considered the factors contained in R.C. 2929.12.'"  *Id.*, quoting *State v. Adams*, 37 Ohio St.3d 295 (1988), paragraph three of the syllabus.

{¶15}  It is the defendant's burden to rebut the presumption that the sentencing court considered the sentencing criteria.  *Id.*, citing *State v. Cyrus*, 63 Ohio St.3d 164, 166 (1992).  "[I]n order to rebut this presumption, '"a defendant must either affirmatively show that the court failed to [consider the statutory factors], or that the sentence the court imposed is 'strikingly inconsistent' with the statutory factors as they apply to his case."'"  *Id.*, quoting *State v. Bigley*, 9th Dist. Medina No. 08CA0085–M, 2009-Ohio-2943, ¶14, quoting *State v. Rutherford*, 2d Dist. Champaign No. 08CA11, 2009-Ohio-2071, ¶34.

{¶16}  Appellant's reliance on *State v. Hope*, 12th Dist. Preble No. CA2018-12-018, 2019-Ohio-3719 is misplaced.  In *Hope*, the Twelfth Appellate District found the defendant's sentence was contrary to law because the trial court neither stated it had considered the requisite statutory factors at the sentencing hearing nor did the sentencing entry indicate the court had considered the factors.  *Id.* at ¶22-23.

{¶17}  Here, the trial court's sentencing entry states that the court considered "* * * the seriousness and recidivism factors relevant to the offense and offender pursuant to R.C. 2929.12[.]"  The record also demonstrates what the trial court considered to be the relevant seriousness and recidivism factors at sentencing:

> [THE COURT]: Alright.  Well, the circumstances are serious.  It's a very serious offense involving a young girl, and the consequences appear to have also been serious.  For the reasons already pointed out, such as the actual relationship and position virtually of trust that facilitated the offense, and the fact also that you have received in the court's view consideration in the plea agreement itself in the dismissal of a count and the reduction of the charge.  So the Court agrees that community control would be demeaning to the

5

seriousness of your conduct in this case, and would not be commensurate with that conduct, and the prison sentence is necessary to deal with the seriousness of the circumstances of this case.

{¶18} Further, appellant has not demonstrated that the sentence he received is "strikingly inconsistent" with the record. He argues that the trial court impermissibly considered the benefit of a plea bargain favorable to appellant as an aggravating factor in sentencing him to the maximum amount of prison time permitted, which is not a factor listed in R.C. 2929.12.

{¶19} R.C. 2929.12(A) does expressly provide, however, that the sentencing court shall consider, in addition to the seriousness and recidivism factors, "any other factors that are relevant to achieving [the] purposes and principles of sentencing."

{¶20} It is apparent from the trial court's statement at sentencing that it was considering the original charges appellant faced under the indictment. It has been widely held that this is permissible, despite a defendant's agreement to plead to lesser charges. *State v. Huntley*, 4th Dist. Hocking No. 02CA15, 2002-Ohio-6806, ¶14 ("Real offense sentencing allows sentencing courts to take into account the true facts of a case even though a plea bargain may result in a more lenient charge."); *State v. Kittelson*, 11th Dist. Lake No. 2016-L-062, 2016-Ohio-8430, ¶45 ("the court is entitled to consider the victim's version of events as reported in a presentence report despite the offender's plea to a lesser charge"); *State v. Blevins*, 8th Dist. Cuyahoga No. 105023, 2017-Ohio-4444, ¶36 ("the trial court is permitted to consider the original charge when imposing its sentencing"); *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, ¶17-20 (2d Dist.) (consideration of the underlying facts in no way abrogates the offender's plea agreement); *State v. Namack*, 7th Dist. Belmont No. 01 BA 46, 2002-Ohio-5187, ¶20 (at

6

sentencing, a trial court may not consider a crime neither charged nor proven, but it may consider a crime originally charged).

{¶21} Because appellant has not affirmatively demonstrated that the trial court failed to consider the statutory factors or that the sentence imposed is "strikingly inconsistent" with the statutory factors as applied to his case, we conclude the trial court did not err in sentencing appellant to 18 months in prison.

{¶22} Appellant's sole assignment of error is without merit.

{¶23} The judgment of the Ashtabula County Court of Common Pleas is affirmed.

THOMAS R. WRIGHT, J.,

MARY JANE TRAPP, J.,

concur.

7