[Cite as *State v. Frost*, 2020-Ohio-6920.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-P-0031** |
| EDWARD W. FROST, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2019 CR 00338 C.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Theresa M. Scahill,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Joseph R. Klammer,* The Klammer Law Office, Ltd, The Historic Mentor Center Street School, 7482 Center Street, Unit 6, Mentor, OH 44060 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Edward Frost, appeals the February 20, 2020 judgment of the Portage County Court of Common Pleas sentencing him to a total of 11 years imprisonment. For the reasons set forth herein, the order is affirmed.

{¶2} The record shows that Mr. Frost, while associated with an enterprise, accepted large wire transfers from a potential customer for the purchase of heavy machinery. He did not deliver the machinery to the customer, however, and apparently

used the money for personal purposes, including purchasing vehicles for friends. A few days later, Mr. Frost wrote a large check he knew would be dishonored back to the customer. Following a multi-agency investigation, Mr. Frost and several co-defendants were jointly indicted on 18 counts for offenses occurring between January 17, 2019 and April 10, 2019. Specifically, Mr. Frost was charged with two counts of Engaging in a Pattern of Corrupt Activity, Aggravated Theft, Passing Bad Checks, and two counts of Bribery. The state later filed a supplemental indictment, charging Mr. Frost with 12 counts of complicity to receiving stolen property.

{¶3} Mr. Frost initially pleaded not guilty to all counts; however, he eventually entered into a plea agreement whereby he pleaded guilty to Amended Count 2: Attempted Engaging in a Pattern of Corrupt Activity, a felony of the fourth degree, in violation of R.C. 2923.01 and 2923.32; Amended Count 3: Aggravated Theft, a felony of the second degree, in violation of R.C. 2913.02; Count 4: Passing Bad Checks, a felony of the third degree, in violation of R.C. 2913.11; and Amended Count 5: Attempted Bribery, a felony of the fourth degree, in violation of R.C. 2923.02 and 2921.02. The remaining charges were dismissed.

{¶4} The court accepted his guilty plea and sentenced him to consecutive terms of imprisonment on each count: 12 months for Attempted Engaging in a Pattern of Corrupt Activity; 7 years for Aggravated Theft; 24 months for Passing Bad Checks; and 12 months for Attempted Bribery. He was also assessed a $1,000 fine, court costs, and ordered to pay $1,520,063 in restitution.

{¶5} On appeal, Mr. Frost assigns two errors for our review. The first states:

{¶6} The trial court erred in failing to merge the allied offenses of similar import.

{¶7} R.C. 2941.25 states:

{¶8} (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

{¶9} (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶10} The defendant bears the burden of establishing he is entitled to have offenses merged under R.C. 2941.25. *State v. Washington,* 137 Ohio St.3d 427, 2013-Ohio-4982, ¶18. An appellate court reviews de novo a trial court's decision regarding the merger of offenses. *Id.* at ¶23.

{¶11} Under his first assignment of error, Mr. Frost alleges two merger errors. We will address each in turn. First, Mr. Frost argues the court should have merged Count 3, Aggravated Theft, and Count 4, Passing Bad Checks. In support, Mr. Frost relies on *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314 and *State v. Snyder,* 12th Dist. Butler No. CA2011-02-018, 2011-Ohio-6346. However, *Johnson,* has been largely rendered obsolete by subsequent rulings of the Supreme Court of Ohio. *State v. Earley,* 145 Ohio St.3d 281, 2015-Ohio-4615, ¶11, citing *State v. Ruff,* 143 Ohio St.3d 114, 2015-Ohio-995.

{¶12} The Supreme Court of Ohio in *Ruff* set forth three questions under R.C. 2941.25 in order to determine whether a defendant can be convicted of multiple offenses:

{¶13} (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. *Id.* at ¶31.

3

{¶14} The state does not dispute that the offenses in this case were not of dissimilar import and were committed with the same animus. It maintains, however, that the two offenses were committed separately. Specifically, it notes that Mr. Frost has admitted the last wire transfer was received February 4, 2019, forming the basis for Count 3, and the check, forming the basis for Count 4, was dated February 14, 2019.

{¶15} The only evidence of this, however, was provided in Mr. Frost's sentencing memorandum and admitted in his brief on appeal, while the indictment and bill of particulars only alleged that the conduct that formed the basis for Counts 3 and 4 both occurred "on or between" January 17, 2019 and April 10, 2019. The state argues the trial court could consider the additional information of those specific dates because merger is a sentencing issue. It also argues the Eighth District's rationale in *State v. Hayes,* 8th Dist. Cuyahoga No. 105048, 2017-Ohio-7718, which found passing bad checks and aggregated grand theft to be not allied offenses, should apply here. However, in *Hayes,* we are not told whether the indictment specifically listed a specific date or a broader timeframe.

{¶16} Nevertheless, it is well established that merger is a sentencing issue. *Washington, supra.* The burden of showing that two offenses should merge lies with the defendant. *Id.* In his sentencing memorandum, Mr. Frost specifically admits that the wire transfer was completed on February 4, 2019, while the bad check was written ten days later on February 14, 2019. It is axiomatic that the trial court may consider the sentencing memorandum before sentencing. *See, e.g., State v. Long,* 138 Ohio St.3d 478, 2014-Ohio-849, ¶20.

4

{¶17} We caution, however, that if the sentencing memorandum had not specified separate dates for the wire transfer, the state's indictment and bill of particulars alone were not sufficient to establish the two counts took place separately. Nevertheless, under these circumstances, we find that Mr. Frost did not meet his burden of showing the two offenses should merge, as he admitted the two counts were committed separately. Thus, the trial court did not err in sentencing Mr. Frost to separate prison terms on Counts 3 and 4. Mr. Frost's first argument under his first assignment of error is without merit.

{¶18} Second, Mr. Frost argues that his RICO conviction, Count 2, should have merged with the predicate offenses, citing *Johnson* and the rule of lenity. However, the Supreme Court of Ohio has held "that *Johnson* is not applicable to a RICO violation and that a RICO offense does not merge with its predicate offenses for purposes of sentencing." *State v. Miranda*, 138 Ohio St.3d 184, 2014-Ohio-451, ¶3. *See also State v. Infante,* 11th Dist. Trumbull No. 2019-T-0043, 2020-Ohio-992.

{¶19} Accordingly, Mr. Frost's first assignment of error is without merit.

{¶20} His second states:

{¶21} The trial court erred when it imposed consecutive sentences when its findings under R.C. 2929.14(C)(4) were contrary to law.

{¶22} "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court to review the record, including the findings underlying the sentence, and to modify or vacate the sentence if it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)." *State v. Maple*, 11th Dist. Ashtabula No. 2018-A-0091, 2019-Ohio-2091, ¶9, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶28. "Under this standard, an appellate court upholds the imposed felony sentence unless: (1) required

5

mandatory findings are clearly and convincingly not supported by the record; or (2) the sentence is clearly and convincingly contrary to law." *State v. Aldrich*, 11th Dist. Ashtabula No. 2017-A-0033, 2017-Ohio-8944, ¶32 (citations omitted).

{¶23} R.C. 2929.14(C)(4) states:

{¶24} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶25} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶26} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶27} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶28} Under this assigned error, Mr. Frost argues that because a RICO violation necessarily involves "two or more incidents of corrupt activity," the court is prohibited from using the fact the multiple offenses were committed, as set forth under subsection (b), when deciding whether to impose consecutive sentences. Stated differently, because multiple acts is an element of the RICO offense, he argues it cannot be used as a factor for consecutive sentencing.

6

{¶29} However, this court has recently held "[t]he statutory text of R.C. 2929.12(B) does not support a conclusion that a trial court may not recognize an element of an offense in its consideration of the seriousness of an offender's conduct. R.C. 2929.12(B) states that the trial court 'shall consider all' of the factors 'that apply regarding the offender, the offense, or the victim.' Thus, the trial court is *required* to consider them. *See* Katz, Martin, & Macke, *Baldwin's Ohio Practice Criminal Law*, Section 116:6 (3d Ed.2019) * * * The factors of R.C. 2929.12(B) evaluate the seriousness of an offender's conduct, not the elements of the offense. *State v. Tarr*, 6th Dist. Ottawa No. OT-03-010, 2004-Ohio-216, ¶10; *see State v. Liming*, 2d Dist. Greene No. 03CA43, 2004-Ohio-168, ¶22." *State v. Russell,* 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243, ¶81. *See also State v. Brown,* 11th Dist. Lake No. 2020-L-052, 2020-Ohio-4642, ¶16.

{¶30} Moreover, "[c]ourts have limited the 'element of the offense' case law to situations in which the only factor supporting a maximum sentence is a factor that is also an element of the offense." *Id.* at ¶94, citing *State v. Hardin-Moore*, 2d Dist. Montgomery No. 24237, 2011-Ohio-4666, ¶22. That is not the case here. Indeed, the trial court need only find one factor listed in R.C. 2929.14(C)(4) applicable in order to impose consecutive sentences. *Maple, supra,* at ¶21. In its sentencing journal entry, the court found all three factors, (a), (b), and (c), applied in this case:

{¶31} The Court finds that the consecutive sentence is necessary to protect the public from future crime or to punish the Defendant; that consecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger the defendant poses to the public. Also, Defendant committed one or more of the multiple offenses while the Defendant was awaiting trial or sentencing, was under a sanction imposed pursuant to R.C. §2929.16, §2929.17, or §2929.18, or was under post release control for a prior offense; at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the

7

multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as a part of any of the courses of conduct adequately reflects the seriousness of the Defendant's conduct and Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.

{¶32} The record supports the court's findings under subsections (a) and (c): Mr. Frost has been on post-release control since 2017, has a lengthy criminal history, and was reported to have a high likelihood of recidivism in the presentence investigation report. Thus, even if we were to find the court improperly considered multiple acts, the imposition of consecutive sentences remains supported by the trial court's finding of the applicability of (a) and (c), which Mr. Frost does not challenge.

{¶33} Accordingly, his second assignment of error is without merit.

{¶34} In light of the foregoing, the judgment of the Portage County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.