[Cite as *State v. Roll*, 2021-Ohio-1989.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- v -

TRAVIS H. ROLL,

        Defendant-Appellant.

CASE NO. 2020-P-0052

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2018 CR 01060 D

---

# O P I N I O N

Decided: June 14, 2021
Judgment: Reversed and remanded

---

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Paul M. Grant*, 209 South Main Street, Eighth Floor, Suite 3, Akron, OH 44308 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Travis H. Roll, appeals the judgment of the Portage County Court of Common Pleas, sentencing him to four concurrent terms of 12 months imprisonment, to be served consecutively, with a term he is presently serving for a Summit County conviction. We reverse and remand the matter.

{¶2} Appellant was indicted on two counts of aggravated possession of drugs, in violation of R.C. 2925.11(A)(C)(1)(a) and (b); improperly handling firearms in a motor vehicle, in violation of R.C. 2923.16(B); six counts of receiving stolen property, in violation

of R.C. 2913.51; obstructing justice, in violation of R.C. 2921.32; and two counts of driving under suspension, in violation of R.C. 4510.11(A) and (B)(1). He pleaded not guilty to all counts. He later changed his plea and entered a plea of guilty to one count of aggravated possession of drugs, a felony of the fifth degree; two counts of receiving stolen property, felonies of the fourth degree; and one count of obstructing official business, a felony of the fifth degree. A presentence investigation report ("PSI") was ordered, but, according to the Portage County Probation Department, it was not completed (and the trial court acknowledged this fact in its judgment entry on sentence). In lieu of a PSI, the probation department filed a document relating to appellant's "eligibility for Intervention in Lieu of Conviction." After a hearing, appellant was ultimately sentenced to concurrent terms of 12 months imprisonment for each offense. The court ordered the sentence to run consecutively with a term appellant was serving in Summit County. He now appeals and assigns the following as error:

{¶3} "The trial court erred to the prejudice of Mr. Roll by imposing consecutive sentences in violation of Mr. Roll's rights under Sixth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 10 and 16 of the Ohio Constitution."

{¶4} "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court to review the record, including the findings underlying the sentence, and to modify or vacate the sentence if it clearly and convincingly finds that the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)." *State v. Maple*, 11th Dist. Ashtabula No. 2018-A-0091, 2019-Ohio-2091, ¶9, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶28; *see also State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶22. "Under this standard, an appellate

2

court upholds the imposed felony sentence unless: (1) required mandatory findings are clearly and convincingly not supported by the record; or (2) the sentence is clearly and convincingly contrary to law." *State v. Aldrich*, 11th Dist. Ashtabula No. 2017-A-0033, 2017-Ohio-8944, ¶32 (citations omitted).

{¶5} In this matter, the trial court imposed 12-months imprisonment for each of the four counts to which he pleaded guilty and ordered those counts to be served concurrently. In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *Bonnell, supra, at* ¶23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). R.C. 2929.14(C)(4), however, permits a trial court to impose consecutive sentences if it makes specific findings.

{¶6} R.C. 2929.14(C)(4) states:

{¶7} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶8} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶9} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

3

{¶10} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶11} In this matter, the trial court made none of the foregoing findings. As such, the trial court erred in running the underlying sentences consecutive to the Summit County case. The state concedes this error and, as a result, the matter must be reversed and remanded.

{¶12} The trial court intended to impose consecutive sentences but failed to make the necessary findings on record. The sentence, therefore, is clearly and convincingly contrary to law.

{¶13} Appellant's assignment of error has merit.

{¶14} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is reversed, and the matter is remanded for further proceedings.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.