[Cite as *State v. Mullins*, 2013-Ohio-4301.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs. - | : | **CASE NO. 2012-P-0144** |
| WILLIAM MULLINS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2011 CR 0705.

Judgment: Affirmed.

*Victor V. Vigluicci,* Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Nathan A. Ray*, 137 South Main Street, #201, Akron, OH 44308 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} William Mullins appeals his conviction and sentence entered by the Portage County Court of Common Pleas on one count of gross sexual imposition. For the reasons which follow, we affirm.

{¶2} On November 9, 2011, Mullins was indicted on one count of rape, a first-degree felony in violation of R.C. 2907.02 and one count of gross sexual imposition, a third-degree felony in violation of R.C. 2907.05. The substance of the indictment charged Mullins with felony sexual conduct with his nephew, who was under the age of

13 at the time, on one occasion between December of 2003 and December 2004. Mullins entered a plea of not guilty to both charges.

{¶3} On July 25, 2012, Mullins entered a written and oral plea of guilty to gross sexual imposition, R.C. 2907.05(A)(4). Nolle prosequi was entered on the remaining count of rape. After providing the requisite post-release control notification, the trial court referred the matter to the Adult Probation Department for a pre-sentence investigation and report.

{¶4} Sentencing was held on October 5, 2012. The court then proceeded with sentencing and sexual-offender classification hearing. The court imposed the maximum term of five years imprisonment on the gross sexual imposition count and declared that Mullins is a Tier II sex offender. The court also imposed five years of mandatory post-release control.

{¶5} This appeal timely followed. Mullins assigns a single error for review, which states:

{¶6} "The trial court erred in sentencing appellant to the maximum sentence."

{¶7} In support of his assignment, Mullins asserts that the court abused its discretion when it failed to follow the felony sentencing statutes in fashioning the appropriate sentence. Mullins argues that the trial court did not focus on the fact that he sought psychological help before he was arrested; his lack of any significant criminal record; that the victim's mother (his sister) did not want him to go to prison; and the support of his family.

**{¶8}** Instead, Mullins argues, the trial court focused its attention upon the dismissed rape count, which carries a life sentence. Balancing these factors, Mullins argues that the court failed to properly consider the sentencing factors in R.C. 2929.11 and the seriousness and recidivism factors in 2929.12. It is Mullins' position that, had the trial court properly considered these factors, he would not have received the maximum sentence.

**{¶9}** Prior to 2006, Ohio sentencing law created presumptions that offenders be given minimum, concurrent terms of incarceration. *See* former R.C. 2929.14(B), 2929.14(E)(4), 2919.19(B)(2), and 2929.41. These presumptions could be overcome if the court made specific factual findings regarding the nature of the offense and the need to protect the public. This judicial fact-finding was later called into question by *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004), where the United States Supreme Court held that judicial fact-finding could infringe upon a defendant's Sixth Amendment right to a jury trial because it invaded the factfinding function of the jury.

**{¶10}** In 2006, the Ohio Supreme Court held that under *Apprendi* and *Blakely*, Ohio's sentencing statutes that required a judge to make factual findings in order to increase a sentence beyond presumptive minimum or concurrent terms unconstitutionally infringed on the jury's function in violation of the Sixth Amendment. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. As a result, the Court severed those sections and held that courts have full discretion to sentence within the applicable statutory range and to order sentences to be served consecutively. *Id.* at ¶99-100.

{¶11} In applying *Foster,* the Ohio Supreme Court later held in 2008 that appellate courts must apply a two-step procedure for review of a felony sentence. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. In the first step, the *Kalish* Court held that appellate courts shall examine the sentencing court's compliance with "all applicable rules and statutes in imposing the sentence" to determine whether the sentence is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G). *Id.* at ¶26. If this first step is satisfied, the Court held that the trial court's decision shall be reviewed under an abuse-of-discretion standard. *Id.*

{¶12} We note that *Kalish*, an appeal from this court, *State v. Kalish*, 11th Dist. Lake No. 2006-L-093, 2007-Ohio-3850 (O'Toole, J., concurring in part, dissenting in part) is a plurality opinion. Therefore, it is merely persuasive. *See State v. Azbill*, 11th Dist. Lake No. 2007-L-092, 2008-Ohio-6875, citing *State v. Bassett*, 8th Dist. Cuyahoga No. 90887, 2008-Ohio-5597, ¶24, fn.2. Although the plurality in *Kalish* indicated that this court did not review the sentence to ensure that the trial court clearly and convincingly complied with the pertinent laws, it nevertheless affirmed this court's judgment, albeit on different grounds.

{¶13} Thereafter, in 2009, the reasoning in *Foster* was partially called into question by *Oregon v. Ice*, 555 U.S. 160 (2009), where the United States Supreme Court held that a state could require judicial findings of fact to impose consecutive rather than concurrent sentences without infringing on a defendant's Sixth Amendment rights. In 2010, the Ohio Supreme Court subsequently determined that *Foster* remained valid after *Ice* and the judiciary was not required to make findings of fact prior to imposing maximum or consecutive sentences in *State v. Hodge*, 128 Ohio St.3d 1,

4

2010-Ohio-6320. However, a trial court was still required to consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12. *See Foster, supra,* at ¶36-42.

**{¶14}** On September 30, 2011, Ohio's sentencing statutes were revised pursuant to H.B. 86. The Ohio General Assembly enacted a new, but slightly different, requirement of judicial fact-finding under H.B. 86, containing many amendments to criminal sentencing provisions. For example, H.B. 86 revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4), requiring a trial court to make specific findings when imposing consecutive sentences. In addition, H.B. 86 reduced the maximum prison term for many third-degree felonies from five years to 36 months. As a result, we no longer apply the two-step analysis contained in the 2008 *Kalish* case to defendants sentenced after H.B. 86's enactment. Rather, we apply R.C. 2953.08(G) and the clear and convincing standard to determine whether the sentence is contrary to law. *See e.g. State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶10; *State v. Drobny*, 8th Dist. Cuyahoga No. 98404, 2013-Ohio-937, ¶5, fn.2; *State v. Kinstle,* 3rd Dist. Allen No. 1-11-45, 2012-Ohio-5952, ¶47; *State v. Cochran*, 10th Dist. Franklin No. 11AP-408, 2012-Ohio-5899, ¶52.

**{¶15}** In reviewing a felony sentence, R.C. 2953.08(G) provides:

**{¶16}** "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

5

**{¶17}** "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

**{¶18}** "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

**{¶19}** "(b) That the sentence is otherwise contrary to law."

**{¶20}** The Eighth District recently stated in *Venes, supra,* at ¶20-21:

**{¶21}** "It is important to understand that the 'clear and convincing' standard applied in R.C. 2953.08(G)(2) is not discretionary. In fact, R.C. 2953.08(G)(2) makes it clear that '(t)he appellate court's standard for review is not whether the sentencing court abused its discretion.' As a practical consideration, this means that appellate courts are prohibited from substituting their judgment for that of the trial judge.

**{¶22}** "It is also important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review."

**{¶23}** Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12.

**{¶24}** H.B. 86 amended R.C. 2929.11, which now states:

**{¶25}** "(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."

**{¶26}** "However, there is still no 'mandate' for the sentencing court to engage in any factual findings under R.C. 2929.11 or R.C. 2929.12." *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶49, citing *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607, ¶78; *State v. Putnam,* 11th Dist. Lake No. 2012-L-026, 2012-Ohio-4891, ¶9. "Rather, the trial court still has discretion to determine whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *Jones* at ¶49; *See* R.C. 2929.12 (which provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.)

{¶27} Mullins argues that rather than following R.C. 2929.11 and 2929.12 in fashioning an appropriate sentence, the trial court instead focused on the fact that the rape count had been dismissed as part of the plea deal. During sentencing the trial court stated to Mullins: "I think you were given a break by having the rape dropped and that's the only break you are going to get." Additionally, Mullins states that there is no indication in the record that the trial court applied the appropriate sentencing statues.

{¶28} R.C. 2929.12 is a guidance statute that sets forth the seriousness and recidivism criteria that a trial court "shall consider" in fashioning a felony sentence. Subsections (B) and (C) establish the factors indicating whether the offender's conduct is more serious or less serious than conduct normally constituting the offense. Subsections (D) and (E) contain the factors bearing on whether the offender is likely or not likely to commit future crimes.

{¶29} Mullins argues that his receipt of the maximum sentence was an abuse of discretion because he had no prior record other than two misdemeanors from over a decade ago; that he sought help prior to being arrested and had the support of his family. A sentencing court has broad discretion to determine the relative weight to assign the factors in R.C. 2929.12. *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). R.C. 2929.12(B)(1) requires the court to consider whether the victim's age made Mullins' conduct more serious than conduct that would normally constitute the offense. That section explicitly recognizes that "offenses against children are especially serious." *Arnett* at 216.

{¶30} "A sentencing court must consider * * * the seriousness and recidivism factors in R.C. 2929.12. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, ¶38, * * *. The sentencing court need not make findings regarding these statutes in order to impose the maximum prison term. We have held that a silent record raises the rebuttable presumption that the sentencing court considered the statutory sentencing criteria. *State v. James*, 7th Dist. No. 07CO47, 2009-Ohio-4392, ¶50. Only if the record affirmatively shows that the trial court failed to consider the principles and purposes of sentencing will a sentence be reversed on this basis, unless the sentence is strikingly inconsistent with relevant considerations. *Id.*" (Parallel citation omitted.) *State v. Parsons*, 7th Dist. Belmont No. 12 BE 11, 2013-Ohio-1281, ¶12.

{¶31} As the sentencing transcript reflects, Mullins' counsel outlined to the court all of the factors in Mullins' favor that could lead to mitigation. The trial court noted that Mullins self-reported and cooperated with the criminal investigation. However, the court could reasonably assign this evidence little or no mitigating weight as compared to the aggravating circumstances.

{¶32} Mullins' argument that the trial court inappropriately focused its attention on the fact that the rape count was dismissed is likewise without merit. Evidence of other crimes that are dismissed as a result of a plea bargain may be considered at sentencing. *See, e.g., State v. Cooey*, 46 Ohio St.3d 20, 35 (1989).

{¶33} Appellant's sole assignment of error is without merit.

{¶34} The judgment of the Portage County Court of Common Pleas is affirmed.

{¶35} It appearing from the record that appellant is indigent, costs are waived.

{¶36} The court finds there were reasonable grounds for this appeal.

CYNTHIA WESCOTT RICE, J., concurs in judgment only with Concurring Opinion,

THOMAS R. WRIGHT, J., concurs in judgment only.

_____

CYNTHIA WESCOTT RICE, J., concurs in judgment only with Concurring Opinion.

{¶37} The lead opinion provides a brief history of Ohio felony-sentencing law from S.B.2, through *Foster* and *Hodge*, up to the recent enactment of H.B. 86. The lead writer's account concludes by identifying certain changes in felony- sentencing law that resulted from H.B. 86's enactment; namely, reviving the requirement of judicial factfinding for a court imposing consecutive sentences and the reduction of maximum prison terms for certain felony-three crimes. The lead writer uses the cited changes, which have no bearing on the instant appeal, as premises for the conclusion that the standard announced in *Kalish* is no longer applicable. Although the lead writer's chronicle provides an accurate thumbnail sketch of the various changes to the statutory scheme occurring over the past seven years, I fail to see how H.B. 86's cited changes, which are inconsequential in this appeal, would function to annul *Kalish.* Thus, while I concur with the disposition of this case, I write separately because I do not agree with the lead writer's conclusion regarding our standard of review.

{¶38} Preliminarily, the lead writer's conclusion that *Kalish* is no longer applicable is not supported by the premises upon which it purports to rest. It does not

10

deductively or inductively follow that the cited changes to H.B. 86 necessarily abrogate the standard this and other appellate courts have consistently used for evaluating felony sentences since 2008. On one hand, I can appreciate that *Kalish* cannot literally apply to appellate review of post-H.B. 86 consecutive sentences because the new enactment *mandates* factual findings. On the other hand, I fail to see any basis for abandoning the *Kalish* standard where, as here, H.B. 86's change to consecutive sentencing has no bearing upon or relevance to an appeal.

{¶39} The lead opinion seems to use the fact that the legislature made changes to portions of Ohio's substantive felony sentencing law as a sufficient condition for eliminating our well-settled standard of review, which includes an assessment of the trial court's exercise of its discretion. This is problematic because R.C. 2929.12(A) specifically grants the trial court discretion to determine the best way to comply with the purposes and provisions of felony sentencing. Without a compelling, supplemental justification to support the conclusion, it is a classic non-sequitur. Simply because the general assembly enacted changes to Ohio's felony sentencing scheme is not an adequate basis to conclude that an appellate court should completely abandon the manner in which the application of those laws is reviewed. The lead writer assumes that the cited changes necessarily render the *Kalish* standard unworkable for appellate review of all felony sentences. Such a leap between premise and conclusion, without some persuasive logical nexus, makes no sense; this is particularly true where, as here, none of the cited changes are applicable to the case under consideration.

{¶40} The lead writer cites cases from the Eighth, Third, and Tenth District in support of jettisoning the *Kalish* standard. None of those cases, however, suggest that

11

H.B. 86's changes somehow act to completely eliminate the applicability of *Kalish*. First of all, each of the cited cases was a consecutive sentencing case. And, a review of the courts' analyses demonstrates that any departure from *Kalish* was a result of either the plurality nature of the *Kalish* opinion or the mandatory character of post-H.B. 86 factfinding. Specifically, in *Venes, supra*, the Eighth District emphasized that it's holding regarding the standard of review applies only to the review of consecutive sentences. The court held: "Henceforth, we review consecutive sentences using the standard of review set forth in R.C. 2953.08." *Id.* at 10. Thus, we consider the Supreme Court's holding in *Kalish* to still be applicable to the review of sentences that are not consecutive.

{¶41} As noted above, this is not an H.B. 86 consecutive sentencing case. And, perhaps more importantly, this court has adopted the *Kalish* standard as the exclusive means for evaluating felony sentences, irrespective of the plurality nature of the *Kalish* opinion.

{¶42} Thus, while I concur in the disposition of the case, I take issue with the lead opinion's assertion that H.B. 86 has rendered *Kalish* either inapplicable or unworkable.