[Cite as *State v. Banas*, 2019-Ohio-5053.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-L-049** |
| CHRISTOPHER W. BANAS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2019 CR 000065.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

TIMOTHY P. CANNON, J.

{¶1} Appellant, Christopher W. Banas, appeals from the April 29, 2019 judgment entry of the Lake County Court of Common Pleas, which sentenced appellant to 26 years in prison following his guilty plea to four felony sex offenses. The judgment is affirmed.

{¶2} The Lake County Grand Jury issued a 13-count indictment against appellant on March 4, 2019. The charges stem from appellant repeatedly engaging in sexual

conduct with his biological daughter, a minor during the time of the offenses, over a period of several years.

{¶3} On March 15, 2019, appellant pled guilty to one count of rape, a first-degree felony in violation of R.C. 2907.02(A)(2), and three counts of sexual battery, third-degree felonies in violation of R.C. 2907.03(A)(5). The remaining counts were dismissed. Sentencing was deferred for a presentence investigation report, a victim impact statement, and a sex offender report.

{¶4} The matter came on for sentencing on April 24, 2019. The trial court sentenced appellant to serve 11 years mandatory for the first-degree felony and 5 years for each third-degree felony, all to be served consecutively, for a total of 26 years in prison. Appellant was classified a Tier III Sex Offender.

{¶5} The sentencing entry was issued on April 29, 2019, from which appellant noticed this appeal. He raises one assignment of error:

{¶6} "The trial court erred by sentencing the defendant-appellant to a maximum and consecutive, 26-year prison term, when that sentence was contrary to law."

{¶7} Under his sole assignment of error, appellant presents three issues for review. He asserts "[t]he trial court erred when it imposed maximum and consecutive prison terms totaling 26 years:

> [1.] * * * after it failed to consider all of the enumerated purposes of felony sentencing pursuant to R.C. 2929.11 and thus, the sentence was contrary to law;
>
> [2.] * * * where its findings under R.C. 2929.12 were not supported by the record and were contrary to law;
>
> [3.] * * * where the trial court's findings with respect to consecutive sentences, pursuant to R.C. 2929.14(C), were not supported by the record and were contrary to law.

2

{¶8} Felony sentences are generally reviewed under the standard set forth in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of the section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincing finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶9} "Under this standard, an appellate court upholds the imposed felony sentence unless: (1) required mandatory findings are clearly and convincingly not supported by the record; or (2) the sentence is clearly and convincingly contrary to law." *State v. Aldrich*, 11th Dist. Ashtabula No. 2017-A-0033, 2017-Ohio-8944, ¶32 (citations omitted).

## R.C. 2929.11

{¶10} Appellant first contends his sentences are contrary to law because the trial court failed to consider all the enumerated purposes of felony sentencing, pursuant to R.C. 2929.11.

{¶11} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing * * * using the minimum sanctions that the court

3

determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The overriding purposes of felony sentencing are three-fold: (1) "to protect the public from future crime by the offender and others," (2) "to punish the offender," and (3) "to promote the effective rehabilitation of the offender." *Id.* "To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.*

{¶12} At sentencing, the trial court indicated it had reviewed the presentence report, the sexual offender report, and a letter from appellant's father. It also considered the oral statements of counsel and of appellant. The trial court stated:

> I considered the statutes relating to the purposes and principles of felony sentencing in 2929.11, the overriding purpose being to punish the offender from future crime [sic] by the defendant using the minimum sanctions that I determine accomplish those purposes. I considered the need for incapacitation and deterrence, rehabilitation and I'm going to fashion a sentence that is commensurate with and not demeaning to the seriousness of the conduct and the impact on the victim and make it consistent with other sentences for similar crimes, similar offenders although I must confess that I haven't come across a similar crime since I've been sitting here.

{¶13} Appellant contends the trial court failed to consider, or to even acknowledge, the third purpose of felony sentencing: "to promote the effective rehabilitation of the offender."

{¶14} The trial court's obligation to consider the purposes and principles of felony sentencing is satisfied merely by stating that it did so. *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34 (citations omitted); *see also State v. Foster*, 11th Dist. Portage No. 2011-P-0087, 2012-Ohio-3744, ¶9 (even a silent record raises a

4

presumption that the trial court considered the felony sentencing criteria). Here, the trial court did just that—it stated it considered the purposes and principles. Further, the trial court specifically stated it considered the need for rehabilitation when it fashioned appellant's sentences. Appellant has not established that the trial court failed to consider all three purposes of felony sentencing.

{¶15} Appellant's first issue for review is not well taken.

## R.C. 2929.12

{¶16} Under his second issue presented for review, appellant argues his sentences are contrary to law because the trial court's findings under R.C. 2929.12 are not supported by the record.

{¶17} Pursuant to R.C. 2929.12(A), a court that imposes a sentence "upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing" set forth in R.C. 2929.11 (unless otherwise required by 2929.13 or 2929.14). "In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing." *Id.*

{¶18} R.C. 2929.12 does not mandate judicial fact-finding. *Brown, supra*, at ¶34, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, ¶42. "A trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely

5

required to consider the statutory factors in exercising its discretion." *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶19} At sentencing, the trial court engaged in a detailed analysis of the R.C. 2929.12 factors. The trial court found there were no factors that made appellant's conduct less serious. The court found appellant's conduct was more serious due to his daughter's age, the physical and psychological harm suffered by his daughter, that appellant held a position of trust with respect to his daughter, and that appellant's relationship with his daughter facilitated the offense. Although not statutorily enumerated factors, the trial court also found that appellant's conduct was more serious due to the duration of the conduct (appellant admitted to seven years, but the initial report indicated longer), and because appellant indicated there was some level of consent from his daughter.

{¶20} The trial court found there were no factors that indicated recidivism was less likely. The court found recidivism was more likely due to appellant's history of criminal convictions, lack of genuine remorse, and appellant's statement that he continued with his behavior and felt it was on some level consensual because he was never told to stop.

{¶21} Appellant contends the trial court improperly applied the seriousness factor in R.C. 2929.12(B)(3) to his sentences, which provides: "The offender held a public office or position of trust in the community, and the offense related to that office or position." The state agrees this factor does not apply to the facts of this case but submits it was not actually considered by the trial court. The trial court stated: "* * * that you held a position of trust since it was your daughter and that relationship facilitated the offense." It is the state's position on appeal that the phrase "position of trust" was used as commentary

6

regarding appellant's relationship with the victim, not to refer to a clearly inapplicable sentencing factor.

{¶22} We find the state's argument persuasive and supported by the context in which the trial court's statement was made. Appellant's argument is not well taken.

{¶23} Appellant was convicted of three counts of sexual battery in violation of R.C. 2907.03(A)(5), which provides: "No person shall engage in sexual conduct with another, not the spouse of the offender, when * * * [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." Appellant contends the trial court improperly relied on an element of these offenses—that he is the victim's natural parent—to elevate the seriousness of appellant's conduct.

{¶24} Appellant relies on *State v. Polizzi*, in which this court noted "there is case law that indicates '[a] trial court may not elevate the seriousness of an offense by pointing to a fact that is also an element of the offense itself.'" *State v. Polizzi*, 11th Dist. Lake No. 2018-L-063, 2019-Ohio-2505, ¶28, quoting *State v. Sims*, 4th Dist. Gallia No. 10CA17, 2012-Ohio-238, ¶16. In *Polizzi*, the defendant was convicted of two counts of gross sexual imposition and six counts of sexual battery. The defendant was a teacher to the victims, which is a necessary element of his six sexual battery convictions under R.C. 2907.03(A)(7). We stated the relationship between the offender and victim had been "accounted for by the legislature when it established most of these offenses [R.C. 2907.03] as felonies of the third degree." *Id.* We concluded there was no support "for some of the findings the trial court made to justify imposition of consecutive sentences"

7

and that the defendant's "sentences for sexual battery should not be elevated based on his status as a teacher to the victims." *Id.* at ¶47.

{¶25} The holding in *Polizzi* was that the trial court's consecutive sentence findings under R.C. 2929.14(C)(4) were clearly and convincingly not supported by the record. We decline to apply that holding to appellant's argument here that the trial court's seriousness findings under R.C. 2929.12 are not supported by the record. The cases are further distinguishable in that appellant was also convicted of the rape of his own daughter, in violation of R.C. 2907.02(A)(2), which provides: "No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." Being the natural parent of the victim is not an element of this offense. We conclude it was not improper for the trial court to consider the relationship between appellant and his victim, that of natural father and daughter, as a factor that made appellant's rape offense more serious.

{¶26} Finally, appellant contends the trial court's findings with respect to his likelihood of recidivism are not supported by the record. Appellant argues that he expressed genuine remorse at the sentencing hearing; that his criminal history is only comprised of two offenses between 1994 and 1997 plus three OVI offenses, the last of which was over a decade ago; that he admitted guilt and cooperated with the proceedings; and that his conduct was committed under circumstances not likely to reoccur.

{¶27} The trial court's findings with regard to appellant's risk of recidivism are not clearly and convincingly contrary to the record, and as stated, the trial court is not required to give any particular weight or emphasis to a given set of circumstances; it is merely required to consider the statutory factors in exercising its discretion. The trial court

8

properly considered appellant's statements at sentencing and in the presentence report, which indicate he is not completely cognizant of the wrongfulness of his conduct. In addition, appellant engaged in this egregious conduct repeatedly over many years. Nothing in the record indicates the trial court lost its way in making its recidivism findings when determining appellant's sentences.

{¶28} Appellant's second issue for review is not well taken.

## R.C. 2929.14(C)

{¶29} Under his final issue presented for review, appellant argues the trial court's findings with respect to consecutive sentences, pursuant to R.C. 2929.14(C)(4), are not supported by the record.

{¶30} When multiple prison terms are imposed on an offender for convictions of multiple offenses, the sentencing court may require the offender to serve the prison terms consecutively if the court finds (1) "that the consecutive service is necessary to protect the public from future crime or to punish the offender"; (2) "that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and (3) "if the court also finds any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4).

{¶31} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings. Nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶37.

{¶32} At sentencing, the trial court made the following findings:

> I find that consecutive sentences are necessary to protect the public from future crime by you as well as to punish you and that consecutive sentences are not disproportionate to the seriousness of your conduct and the danger that you pose to the public.
>
> I also find at least two of these offenses that went on for some 7 plus years were committed as part of one or more courses of conduct and the harm caused by at least two of these, more likely all of these offenses was so great or unusual that no single prison term for any of the offenses committed as part of this course adequately reflects the seriousness of the conduct.

{¶33} Appellant asserts the trial court erred in finding that consecutive service is necessary to protect the public from future crime because his offenses were committed only against his daughter, not a member of the public at large. We note, however, that the trial court's consecutive service findings are sufficient even without finding it is necessary to protect the public from future crime. The statute is disjunctive, not conjunctive. Although the trial court found consecutive service is necessary to protect the

10

public from future crime *and* to punish appellant, the statute requires only one: "that the consecutive service is necessary to protect the public from future crime *or* to punish the offender." R.C. 2929.14(C)(4) (emphasis added).

{¶34} Appellant asserts the record does not indicate consecutive service was necessary to punish him. We disagree. For the many reasons discussed throughout this opinion, the record supports the trial court's findings in this regard. Appellant's consecutive service is not clearly and convincingly contrary to law.

{¶35} Appellant's sole assignment of error is without merit.

{¶36} The judgment of the Lake County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, P.J.,

MATT LYNCH, J.,

concur.

11