[Cite as *State v. Rutherford*, 2020-Ohio-3934.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-033** |
| ANDREW R. RUTHERFORD, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas.
Case No. 2019 CR 001135.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp*, Lake County Public Defender, and *Melissa A. Blake*, Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1}  Appellant, Andrew R. Rutherford ("Rutherford"), appeals the judgment of the Lake County Court of Common Pleas, sentencing him to a term of eighteen months imprisonment.  We affirm the trial court's judgment.

{¶2}  Rutherford entered a written and oral plea of guilty in Case No. 19CR001135 on one count of unlawful sexual conduct with a minor, a felony of the

fourth degree, in violation of R.C. 2907.04(A). A sentencing hearing was conducted on February 13, 2020. At the hearing, the court stated on the record as follows:

> I have considered the record, the oral statements made, many victim impact statements, the presentence report, the sex offender evaluation of Dr. Rindsberg, my conference in chambers with counsel and the statements of the defendant, the defendant's counsel and the prosecutor. I've also considered the overall purposes of felony sentencing pursuant to Revised Code Section 2929.11, which are to protect the public from future crimes by this offender and others, to publish [sic] this offender and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local governmental resources.

> I've considered the need for incapacitation, deterrence, rehabilitation, and restitution along with the public burden on governmental resources. I have considered the recommendations of the parties. I've reasonably calculated this sentence to achieve the overriding purposes of felony sentencing and to be commensurate with and not demeaning to the seriousness of this offender's conduct and its impact on the victim and to be consistent with sentences imposed for similar crimes committed by similar offenders.

> In using my discretion to determine the most effective way to comply with the purposes and principles of felony sentencing, I have considered all relevant factors, including the seriousness factors set forth in Divisions B and C of Revised Code Section 2929.12 and the recidivism factors set forth in Divisions D and E of Revised Code Section 2929.12.

{¶3} The trial court then discussed particular factors it considered. The serious psychological harm caused to the victim and the large age gap between Rutherford and the victim, which was twice what the statute requires for a conviction under R.C. 2907.04(A), were considered to be aggravating factors. The trial court also found Rutherford's extensive criminal history—especially with a history of sexual misconduct—as well as the presentence and sex offender evaluations, his failure to

2

respond to previous treatment, and the fact that Rutherford committed the acts while on probation, to be indicative of Rutherford's likelihood to reoffend. Thereafter, Rutherford was sentenced to eighteen months imprisonment by the trial court. Rutherford was also classified a Tier II sex offender and ordered to pay all costs and fees associated with the prosecution.

{¶4} From that sentencing entry, Rutherford filed a timely notice of appeal raising one assignment of error:

> THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT-APPELLANT TO THE MAXIMUM PRISON TERM OF 18 MONTHS, AS THE TRIAL COURT'S FINDINGS WITH RESPECT TO R.C. 2929.11 AND 2929.12 WERE UNSUPPORTED BY THE RECORD AND THUS, CONTRARY TO LAW.

{¶5} Under his sole assignment of error, Rutherford argues that a sentence of eighteen months is contrary to law and not supported by the record. Our standard of review is set forth in R.C. 2953.08(G)(2):

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> > (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
> >
> > (b) That the sentence is otherwise contrary to law.

"A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12." *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18, *quoting State v. Price*, 8th Dist. Cuyahoga No. 104341, 2017-Ohio-533, ¶14 (internal citations omitted). "'When a sentence is imposed solely after the consideration of the factors in R.C. 2929.11 and 2929.12, appellate courts "may vacate or modify any sentence that is not clearly and convincingly contrary to law"'" only if the appellate court clearly and convincingly finds that the record does not support the sentence." *Id.*, *quoting Price*, *supra*, at ¶14, *quoting State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶23.

{¶6} Rutherford does not argue that the court failed to sentence him to a term within the permissible range, which is a range of six to eighteen months. R.C. 2929.14(A)(4). Because Rutherford's prison term is within the permissible range, we must consider whether the sentence is clearly and convincingly not supported by the record. *See Wilson, supra,* at ¶20; *Marcum, supra,* at ¶23. In doing so, we keep in mind that the "trial court is not required to give any particular weight or emphasis to a given set of circumstances" when considering the statutory factors. *State v. DelManzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23.

{¶7} Rutherford's argument is that the trial court improperly weighed the sentencing factors; namely, Rutherford's potential for rehabilitation and his genuine remorse at trial. However, the trial court's obligation to consider the purposes and principles of felony sentencing is satisfied merely by stating that it did so. *State v.*

4

*Banas*, 11th Dist. Lake No. 2019-L-049, 2019-Ohio-5053, ¶14, citing *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34 (citations omitted); *see also State v. Foster*, 11th Dist. Portage No. 2011-P-0087, 2012-Ohio-3744, ¶9 (even a silent record raises a presumption that the trial court considered the felony sentencing criteria). Further, "courts are not required to believe that a defendant is remorseful simply because he apologizes. The trial court, as trier of fact, is in the best position to determine the credibility and genuineness of a defendant's stated remorse." *State v. McBee*, 11th Dist. Geauga No. 2017-G-0149, 2019-Ohio-2967, ¶56, citing *State v. Benore*, 6th Dist. Ottawa No. OT-04-021, 2005-Ohio-2944, ¶35 and *State v. Davis*, 11th Dist. Lake Nos. 2003-L-027 *et seq.*, 2004-Ohio-2076, ¶29.

{¶8} Rutherford received the maximum prison term allowed by law, with the court balancing, inter alia, his extensive criminal history dating back to juvenile status, the recommendation of the prosecutor, his previous failed attempts at treatment, the serious psychological harm caused to the victim, medical history and reports, and the two years Rutherford spent cultivating a relationship with the victim before engaging in illegal sexual conduct. Further, the trial court expressly stated that it considered the purposes and principles of felony sentencing, including rehabilitation, and the seriousness and recidivism factors, including stating specific factors on the record. Because the trial court directly addressed rehabilitation and was in the best position to assess remorse, we cannot conclude that the sentence is clearly and convincingly unsupported by the record.

{¶9} Further, Rutherford argues that pointing out the age gap between himself and the victim was error because a gap of between four and ten years is an element of

5

the crime. R.C. 2907.04(B)(2)-(3). He cites *State v. Polizzi*, 11th Dist. Lake Nos. 2018-L-063, 2019-Ohio-2505, in which this court noted "there is case law that indicates '[a] trial court may not elevate the seriousness of an offense by pointing to a fact that is also an element of the offense itself.'" *Id.* at ¶28, quoting *State v. Sims*, 4th Dist. Gallia No. 10CA17, 2012-Ohio-238, ¶16 (parallel citations omitted). However, this court has clarified that "the holding in *Polizzi* was that the trial court's consecutive sentence findings under R.C. 2929.14(C)(4) were clearly and convincingly not supported by the record. We decline to apply that holding to appellant's argument here that the trial court's seriousness findings under R.C. 2929.12 are not supported by the record." *Banas*, *supra*, at ¶25. Further, the trial court did not solely rely on the age gap in its factoring. The trial court specifically cited that the age gap was twice the minimum that the statute required, and it considered this larger age gap in conjunction with various other factors as discussed above. Rutherford's sentence is not contrary to law.

{¶10} Therefore, Rutherford's sole assignment of error is without merit.

{¶11} The judgment of the Lake County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, J.,

MATT LYNCH, J.,

concur.