[Cite as *State v. Pence*, 2020-Ohio-4112.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0088** |
| RANDY W. PENCE, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas, Case No. 2019 CR 00297.

Judgment: Affirmed.

*Dennis Watkins,* Trumbull County Prosecutor, and *Ashleigh Musick,* Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Robert T. McDowall, Jr.,* Robert T. McDowall Co., LLC, 415 Wyndclift Place, Youngstown, OH 44515 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Randy W. Pence, appeals from the judgment of the Trumbull County Court of Common Pleas, sentencing him to an aggregate term of 30-months imprisonment. Appellant challenges the duration and the consecutive nature of the sentencing order. We affirm.

{¶2} On March 3, 2019, Warren Township police officers responded to a call concerning a domestic-violence call at the residence appellant shared with his mother.

When the officers attempted to investigate, appellant was noncompliant. He eventually kicked one of the officers and was finally arrested. Appellant was charged with assault on a peace officer, in violation of R.C. 2903.13(A) and (C)(5), a felony of the fourth degree; obstructing official business, in violation of R.C. 2921.31(A) and (B), a misdemeanor of the second degree.

{¶3} At the time of his arrest, appellant was subject to community control, stemming from a conviction for aggravated drug possession, a felony of the fifth degree. Due to the March 3, 2019 arrest, appellant was charged with violating community control. Appellant ultimately entered a plea of guilty to an amended felony-four assault charge; the trial court nolled the obstruction charge.

{¶4} At sentencing, appellant refused to acknowledge or speak with the trial judge and did not offer any statement in allocution. Moreover, defense counsel advised the court he reviewed the notice of prison imposition form, but appellant refused to sign it. After reading the notice aloud on record, the trial court sentenced appellant to a prison term of 18 months on the assault charge, which was ordered to run consecutively with a 12-month term imposed for the community-control violation (originally the aggravated-drug possession). Appellant now appeals and assigns the following as error:

{¶5} "Defendant-appellant's sentence was unduly harsh and the trial court's findings were not supported by the record."

{¶6} Appellant first takes issue with the duration of the terms of imprisonment imposed by the trial court for each crime. Recently, in *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, the Supreme Court of Ohio clarified that R.C. 2929.11 and R.C.

2929.12 apply to the review of the duration of individual sentences. *Gwynne, supra*, at ¶17-18. R.C. 2929.11 addresses the purposes and principles of felony sentencing and R.C. 2929.12 sets forth "seriousness" and "recidivism" factors. A sentencing court is not required to use specific language and render precise findings to satisfactorily "consider" the relevant seriousness and recidivism factors. *State v. Long,* 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶79. Instead, the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is "strikingly inconsistent" with applicable sentencing factors. *Id.* Thus, we presume a trial court considered the statutory purposes, principles, and factors from a silent record. *State v. Morefield*, 2d Dist. Clark No. 2013-CA-71, 2014-Ohio-5170, ¶41.

{¶7} In *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, the Supreme Court stated:

> {¶8} We note that some sentences do not require the findings that R.C. 2953.08(G) specifically addresses. Nevertheless, it is fully consistent for appellate courts to review those sentences that are imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12 under a standard that is equally deferential to the sentencing court. That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence. *Marcum, supra*, at ¶23.

{¶9} Appellant argues the trial court failed to give adequate weight to his expression of remorse; to his nonviolent criminal history prior to the instant assault offense; his documented mental disorder(s); to his favorable response to earlier drug treatment; and that his action of kicking the officer was not the worst form of the offense of assault on a peace officer.

3

{¶10} Initially, although appellant had previously expressed remorse, accountability, and represented he had been "clean," or free of any drug use, for some time, these representations occurred at a pretrial hearing before his plea was taken. Appellant did not speak and, indeed, completely declined to acknowledge the trial judge during sentencing. Hence, the trial court was at liberty to disregard appellant's prior representations or, at the least, was not required to expressly note appellant's previous statements.

{¶11} Further, appellant's mental health disorders were noted in the pre-sentence investigation ("PSI") and highlighted by defense counsel at sentencing. Appellant also had an opportunity to express contrition and elaborate on the nature and arguable severity of his mental health problems but elected to remain silent and ostensibly ignore the trial judge during the hearing. And, even though appellant's act of kicking the officer may not be the "worst" form of the offense to which he pleaded, this does not imply, in light of other factors, such as appellant's criminal history and the facts of the case, that maximum penalties for each offense were unjustified. The court stated it had considered the PSI and the points addressed at the hearing. Given these points, we discern no error in the court's imposition of 12 and 18 months, respectively, for the offenses to which he pleaded guilty.

{¶12} Next, appellant does not argue the trial court failed to make the necessary statutory findings; rather, he challenges the basis of the trial court's findings supporting its imposition of consecutive sentences. We review consecutive sentences imposed pursuant to R.C. 2929.14(C)(4) under R.C. 2953.08(G)(2), which states:

{¶13} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶14} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶15} (a) That the record does not support the sentencing courts findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶16} (b) That the sentence is otherwise contrary to law.

{¶17} Appellate courts "'may vacate or modify any sentence that is not clearly and convincingly contrary to law'" only when the appellate court clearly and convincingly finds that the record does not support the sentence. *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶8, quoting *Marcum, supra*.

{¶18} Further, R.C. 2929.14(C)(4) provides, in relevant part, as follows regarding consecutive felony sentences:

{¶19} If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶20} (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶21} (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶22} (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(C)(4).

{¶23} Appellant does not dispute the trial court made the necessary findings to support consecutive sentences; rather, he maintains that the record does not support certain findings.

{¶24} At the sentencing hearing, the trial court stated:

{¶25} And the court finds consecutive sentences are necessary to punish the offender, to protect the public from future crime, and not disproportionate to the conduct or danger imposed by the defendant. And his criminal history has been articulated and his utter disregard for the system demonstrates that consecutive sentences are necessary to protect the public.

{¶26} Appellant argues the court's determinations that (1) his criminal history and (2) his alleged disregard for the system cannot justify consecutive sentences because these conclusions are unsupported by the record. We do not agree.

{¶27} With regard to appellant's criminal history, appellant has a previous felony-five assault on a peace officer conviction; a felony-five aggravated possession of drugs conviction; a felony-five theft conviction; and the instant felony-four assault conviction. He also has four additional misdemeanor convictions. Although appellant's criminal history, in the abstract, is not unusually severe, two of his four felonies, including the instant assault conviction, are crimes of violence. The trial court did not err in finding appellant's criminal history justifies consecutive sentences.

{¶28} Further, appellant's behavior during sentence, i.e., reacting in an unresponsive manner to the trial court's queries, demonstrates some disregard for the judicial process. More importantly, the facts which led to the assault conviction are worth noting. The underlying assault charge was the result of a domestic violence call wherein officers responded to appellant's residence due to purported death threats he made to his mother (with whom he resided at the time). Upon their arrival, officers observed appellant in a significantly standoffish state. The responding officers recounted that, appellant was verbally aggressive and postured before police with two large and increasingly agitated pit bull dogs. Officers advised appellant if he used the dogs to obstruct their investigation, he could be arrested. When he was repeatedly asked to secure the dogs outside or in another room of the residence, for the safety of all involved, appellant refused and continued to maintain an antagonistic attitude. Officers warned appellant on several occasions that if he did not cooperate and remove his animals, who, throughout the encounter became progressively and visibly irate, he could be arrested. Appellant still refused to comply.

{¶29} During the incident, appellant complained of difficulty breathing and, for his safety, officers called for an ambulance. When paramedics arrived, appellant still refused to secure his dogs such that he could not be safely assessed. Ultimately, paramedics concluded appellant refused medical assistance and left the residence; throughout the incident, officers reported appellant continued to use the dogs to threaten and intimidate every responder. While one officer attempted to arrest appellant, he was kicked, and appellant advised he would kick again if approached. Ultimately, one of the dogs slipped its collar and left the room. Appellant was informed

7

he was under arrest and an officer pointed a taser at his chest. Appellant finally relented, allowing his mother to secure the remaining dog.

{¶30} In light of the facts of this incident, as well as his courtroom demeanor, the court could reasonably conclude appellant has a disregard for the law enforcement, medical responders, and the judicial process, i.e., "the system." We therefore conclude the trial court's findings are supported by the record and therefore we discern no error in its imposition of consecutive sentences.

{¶31} Appellant's assignment of error lacks merit.

{¶32} For the reasons discussed in this opinion, the judgment of the Trumbull County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

THOMAS R. WRIGHT, J.,

concur.