[Cite as *State v. Brown*, 2020-Ohio-4642.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-L-052** |
| MICHAEL C. BROWN, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2019 CR 000021.

Judgment: Affirmed.


*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Vanessa R. Clapp,* Lake County Public Defender, and *Melissa A. Blake,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Michael C. Brown, appeals the March 13, 2020 judgment of the Lake County Court of Common Pleas sentencing him to eight years imprisonment following his plea of guilty, by way of *North Carolina v. Alford,* 400 U.S. 25 (1970), to one count of Sexual Battery. At issue is whether appellant's sentence is unsupported by the record. For the reasons stated herein, the judgment is affirmed.

{¶2} In December 2019, following an allegation that appellant engaged in sexual conduct with his minor stepdaughter, appellant was charged with one count of Sexual Battery, a felony of the second degree, in violation of R.C. 2907.03(A)(5). Remaining adamant the conduct did not occur, appellant pleaded guilty by way of *Alford*. The court accepted his guilty plea and sentenced appellant to eight years imprisonment, five years mandatory post-release control, and ordered him to pay the costs of prosecution. The court also noted that appellant was a Tier III Sex Offender and informed him of his registration requirements. Appellant appeals the sentence, assigning one error for our review, which states:

{¶3} The trial court erred by sentencing the defendant-appellant to the maximum prison term of eight years, as the trial court's findings with respect to R.C. 2929.11 and R.C. 2929.12 were unsupported by the record and thus, contrary to law.

{¶4} Pursuant to R.C. 2953.08(G)(2), "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶1. A sentence is contrary to law if "'(1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12.'" (Citations omitted.) *State v. Wilson*, 11th Dist. Lake No. 2017-L-028, 2017-Ohio-7127, ¶18. This is a highly deferential standard; "appellate courts are prohibited from substituting their judgment for that of the trial judge." *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21-22. Accord *State v. Mullins*, 11th Dist. Portage No. 2012-P-0144, 2013-Ohio-4301.

{¶5} Under his sole assignment of error, appellant first argues that his sentence is contrary to law in that the trial court failed to be guided by the third overriding purpose of felony sentencing set forth in R.C. 2929.11(A), to wit: "to promote the effective rehabilitation of the offender." We do not agree.

{¶6} The trial court's sentencing entry states, "[t]he Court has also considered * * * the principles and purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12. In considering the foregoing, and for the reasons stated in the record, this Court finds that a prison sentence is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11 * * *."

{¶7} At the sentencing hearing, the court stated, in pertinent part:

{¶8} This Court has considered the record, the oral statements made, the victim impact, the pre-sentence report, my conference in chambers with counsel and probation, and the statements of the Defendant and the Defendant's counsel. The Court has also considered the overriding purposes of felony sentencing pursuant to Revised Code 2929.11 which are to protect the public from future crime by this offender and others similarly minded, and to punish this offender using the minimum sanctions that the Court determines accomplish the purposes without imposing an unnecessary burden on the state or local governmental resources. I have considered the need for incapacitation, deterrence, rehabilitation, and restitution. * * * I have reasonably calculated this sentence to achieve the two overriding purposes of felony sentencing and to be commensurate with and not demeaning to the seriousness of this offender's conduct and its impact on society and the victim, and to be consistent with sentences imposed for similar crimes committed by similar offenders.

{¶9} Though appellant acknowledges that the sentencing entry indicates the trial court considered all three purposes of felony sentencing, he nevertheless argues that "it is clear from the trial court's own words during the sentencing hearing that it was guided by only two of the three purposes of felony sentencing; specifically omitting the purpose pertaining to promotion of effective rehabilitation of the offender." We do not agree.

3

{¶10} "A sentencing court is not required to use specific language and render precise findings to satisfactorily 'consider' the relevant seriousness and recidivism factors. Instead, the defendant has the burden to affirmatively show that the court did not consider the applicable sentencing criteria or that the sentence imposed is 'strikingly inconsistent' with applicable sentencing factors." *State v. Pence,* 11th Dist. Trumbull No. 2019-T-0088, 2020-Ohio-4112, ¶6, citing *State v. Long,* 11th Dist. Lake No. 2013-L-102, 2014-Ohio-4416, ¶79. "The trial court's obligation to consider the purposes and principles of felony sentencing is satisfied merely by stating that it did so." *State v. Banas*, 11th Dist. Lake No. 2019-L-049, 2019-Ohio-5053, ¶14 citing *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34.

{¶11} Here, the trial court expressly stated it considered the purposes and principles of R.C. 2929.11; further, the trial court specifically stated it "considered the need for * * * rehabilitation * * *." Accordingly, appellant has not established that the trial court failed to consider all three purposes of felony sentencing.

{¶12} Additionally, appellant argues his sentence is contrary to law because the trial court improperly considered factors elevating the seriousness of the crime and ignored or discounted factors that made his behavior less serious and recidivism less likely. Specifically, he argues that the court may not consider an element of the offense to elevate the seriousness of the conduct.

{¶13} An element of R.C. 2907.03(A)(5), to which appellant pleaded guilty, required appellant to be a parent, step-parent, adoptive parent, or in loco parentis of the victim. During the sentencing hearing, the court noted the following factors that tended to make the offense more serious: the age of the victim; the physical and psychological

4

harm to the victim, including the strain on her familial relationships; that appellant held a position of trust as her stepfather; the relationship facilitated the offense. The court expressly stated it found no factors making the offense less serious. Appellant argues the court erred in considering the relationship with the victim to enhancing the seriousness of the offense under R.C. 2929.12(B)(3) and (6).

{¶14} In support of his argument, appellant cites *Banas, supra, State v. Polizzi,* 11th Dist. Lake Nos. 2018-L-062 and 2018-L-064, 2019-Ohio-2505, and *State v. Schlecht,* 2d Dist. Champaign No. 2003-CA3, 2003-Ohio-5336. This court, however, has recently considered these three cases and rejected an almost identical argument made by the appellant in *State v. Russell,* 11th Dist. Lake No. 2019-L-138, 2020-Ohio-3243.

{¶15} In *Russell,* this court noted "a review of the 'element of the offense' cases indicates they were based on prior versions of the sentencing statutes which the Supreme Court of Ohio found unconstitutional in [*State v. Foster,* 109 Ohio St.3d 1, 2006-Ohio-856, ¶36]." *Id.* at ¶77. Further, this court recognized, "the holding in *Polizzi* was that the trial court's consecutive sentence findings under R.C. 2929.14(C)(4) were clearly and convincingly not supported by the record." *Id.* at ¶75, citing *Banas, supra,* at ¶25. As we declined to apply *Polizzi* to a trial court's seriousness determinations under R.C. 2929.12 in *Russell,* we also decline to do so here. *Id.* Additionally, *Banas* is clearly distinguishable from the case at bar; in *Banas*, this court found that being the natural parent of the victim was not an element of the offense of which that appellant was convicted, and thus the court did not err in considering that as a factor that made the offense more serious. See *Russell, supra.*

5

{¶16} Moreover, as this court has recently held, "[t]he statutory text of R.C. 2929.12(B) does not support a conclusion that a trial court may not recognize an element of an offense in its consideration of the seriousness of an offender's conduct. R.C. 2929.12(B) states that the trial court "shall consider all" of the factors "that apply regarding the offender, the offense, or the victim." Thus, the trial court is *required* to consider them." (Emphasis original.) *Russell, supra,* at ¶ 81, citing Katz, Martin, & Macke, Baldwin's Ohio Practice Criminal Law, Section 116:6 (3d Ed.2019). Accordingly, appellant's argument to the contrary is without merit.

{¶17} Finally, appellant argues that the court failed to consider various mitigating factors, to wit: that he pleaded guilty in order to save the victim and her family the stress of a trial, and that he had minimal criminal history and no history of similar offenses. However, during the sentencing hearing, the court expressly considered appellant's criminal history, noting that although it was not a lengthy history, there were a "couple of significant ones" on his record. Furthermore, the trial court acknowledged during the sentencing hearing that appellant pleaded guilty by way of *Alford.* While appellant argues that he pleaded guilty in order to save others the stress of trial, this decision also benefited him, saving him from the stress of trial and the potential for additional or more serious indictments. The trial court "is not required to give any particular weight or consideration to any sentencing factor"; it must merely consider them. *Russell, supra,* at ¶85, citing *State v. Holin*, 174 Ohio App.3d 1, 2007-Ohio-6255, ¶34 (11th Dist.).

{¶18} It is clear from the record the court considered all the relevant factors. Accordingly, we do not find that the court failed to consider mitigating factors.

6

{¶19} Appellant's sentence is not clearly and convincingly unsupported by the record or contrary to law. Accordingly, appellant's sole assignment of error is without merit.

{¶20} The judgment of the Lake County Court of Common Pleas is affirmed.


MATT LYNCH, J., concurs,

THOMAS R. WRIGHT, J., concurs in judgment only.